UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL L. FIELD,<br>    Petitioner,<br>    v.<br>JOSIE GASTELO,<br>    Respondent. | Case No. 17-cv-05687-SI<br><br>**ORDER OF DISMISSAL** |

Marshall Field, an inmate at the California Men's Colony in San Luis Obispo, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a decision by the California Governor to reverse the finding of parole suitability. The court reviewed his petition and dismissed it with leave to amend as to one claim. The court explained that the petition did not state a claim for a violation of a plea agreement because Field had not identified any particular term in the plea agreement that was breached. *See* Docket No. 5 at 3. The court granted him leave to amend the claim and stated that, in his amended petition, Field needed to "identify the specific term that he claims has been breached. He should attach a copy of the transcript of the plea colloquy transcript from 1980 or the written plea agreement so that this court may see the term allegedly breached. . . . Field also should identify when that term of the plea agreement was first breached." *Id.* at 4. The court also dismissed a second "claim" that the State was bound by the prosecutor's promises, finding that it was an argument in support of the breach-of-plea-agreement claim rather than a separate claim. *Id.* at 4-5. The court also dismissed without leave to amend a claim that Field's 15-to-life sentence for second degree murder was cruel and unusual punishment. *Id.* at 4-7. The court set a deadline of December 8, 2017 for Field to file an amended petition. *Id.* at 8.

Field chose not to file an amended petition. Instead, he filed "objections to order of dismissal with leave to amend" in which he argued that the court was "objectively unreasonable" in its ruling on his petition. Docket No. 6 at 2. He then "incorporate[d] by reference the claims contained in the petition as properly before this court and request[ed] that the court order Respondent to address these claims on the merits." *Id.*

The court already has determined that the petition fails to state a claim for habeas relief, yet Field has chosen to stand on that petition rather than to file an amended petition. As the only pleading on file fails to state a claim for relief, this action is DISMISSED. Further leave to amend will not be granted because it would be futile: the court explained the deficiencies in the petition and Field is unwilling or unable to cure the deficiencies with an amended petition for writ of habeas corpus.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 12, 2018

SUSAN ILLSTON
United States District Judge